IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TIMOTHY LARSON, and )
ASHLEY LARSON )
 )
    **Plaintiffs,** )
 )
 v. )
 )
BRUCK LAW OFFICES, S.C., )
 )
    **Defendant.** )

## COMPLAINT

NOW COME the Plaintiffs, TIMOTHY LARSON and ASHLEY LARSON, by and through their attorneys, SMITHMARCO, P.C., and for their Complaint against the Defendant, BRUCK LAW OFFICES, S.C., the Plaintiffs state as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TIMOTHY LARSON, (hereinafter, "Timothy") is an individual who was at all relevant times residing in the City of Waukesha, County of Waukesha, State of Wisconsin.

5. ASHLEY LARSON, (hereinafter, "Ashley") is an individual who was at all relevant times residing in the City of Waukesha, County of Waukesha, State of Wisconsin.

1

6. The debt that Plaintiffs were allegedly obligated to pay was a debt allegedly owed by Plaintiffs to Froedtert Memorial Lutheran Hospital, Inc., (hereinafter, "the Debt").

7. The debt that Plaintiffs allegedly owed Froedtert Memorial Lutheran Hospital, Inc., was for a medical bill.

8. At all relevant times, Plaintiffs were a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. BRUCK LAW OFFICES, S.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Wisconsin. Defendant is registered as a service corporation in the State of Wisconsin.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV. ALLEGATIONS

## COUNT I: TIMOTHY LARSON v. BRUCK LAW OFFICES, S.C.

15. Timothy re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

16. On or about May 1, 2013, Defendant sent Timothy a correspondence in an attempt to collect a debt allegedly owed by Timothy to Froedtert Memorial Lutheran Hospital, Inc., (A true and exact copy of said correspondence, dated May 1, 2013, is attached hereto as **Exhibit A**).

17. The aforesaid correspondence was the initial communication with Timothy.

18. The first page of the aforesaid correspondence stated "The above case has been referred to this law firm for collection and/or litigation. Please contact 414/223-3335 EXT 106 no later than ten days from the date of this letter to advise how you intend to pay the balance due."

19. The second page of the aforesaid correspondence stated "Unless you dispute this debt or any portion thereof, within 30 days after receipt of this letter, we will presume that you owe this debt. If you notify us within 30 days of receipt of this letter that this debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification of judgment will be mailed to you. Upon your request within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor if different from the current creditor."

20. Defendant's request to Timothy to contact Defendant no later than ten (10) days from the date of Defendant's correspondence and advise Defendant of how he intended to pay

the Debt overshadowed and obfuscated Timothy's right to dispute the debt he allegedly owed and to seek validation of said debt.

21.     Defendant's request to Timothy to contact Defendant no later than ten (10) days from the date of Defendant's correspondence and advise Defendant of how he intended to pay the Debt had the effect of conveying to an unsophisticated consumer that Timothy's sole course of action in regards to the Debt was to initiate a telephone call to Defendant and start making payments towards the Debt.

22.     The aforesaid request by Defendant overshadows, and is inconsistent with, the disclosure of Timothy's right to dispute the Debt or request the name and address of the original creditor in writing within 30 days of the receipt of the notice, which Defendant included in the second page of its correspondence dated May 1, 2013.

23.     Defendant's correspondence, dated May 1, 2013, is overshadowing and contradictory because it has the effect of making an unsophisticated consumer uncertain as to their rights.

24.     The aforesaid correspondence, dated May 1, 2013, is deceptive because it could be reasonably read to have two or more different meanings, one of which is inaccurate, that is the assertion that Timothy's sole course of action relative to the Debt was to contact Defendant within ten (days) from the date of Defendant's correspondence and advise Defendant of how he would pay the Debt.

25.     Section §1692g(a)(4) states that for a consumer to obtain validation of a debt, the request must be done in writing within thirty (30) days of the receipt of the notice.

4

26. Defendant's correspondence, dated May 1, 2013, violates Section §1692g(a)(4), because it fails to advise Timothy that a request for a validation must be done in writing within thirty (30) days of the receipt of the notice.

27. On or about May 20, 2013, Defendant sent Timothy a second correspondence in an attempt to collect the Debt. (A true and exact copy of said correspondence, dated May 20, 2013, is attached hereto as **Exhibit B**).

28. The aforesaid correspondence stated: "Please be advised that your failure to resolve this matter has left us no other alternative but to review your file for legal action…If we proceed with legal action, you may be held responsible for all court costs which are approximately **$175.00 to $300.00 per Court action**".) (emphasis added in original).

29. Defendant's representation that Timothy may be held responsible for all court costs which are approximately $175.00 to $300.00 per Court action is false, deceptive, and misleading given that the cost of filing a small claims lawsuit in Wisconsin Circuit Courts is $94.50.

30. Defendant's representation that Timothy may be held responsible for all court costs which are approximately $175.00 to $300.00 per Court action falsely represented the amount of the Debt given that the cost of filing a small claims lawsuit in Wisconsin Circuit Courts is $94.50.

31. In its attempts to collect the debt allegedly owed by Timothy to Froedtert Memorial Lutheran Hospital, Inc., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

5

b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter; and,

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Timothy has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TIMOTHY LARSON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of TIMOTHY LARSON and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

**COUNT II: ASHLEY LARSON v. BRUCK LAW OFFICES, S.C.**

33. Ashley re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

34. On or about May 1, 2013, Defendant sent Ashley a correspondence in an attempt to collect a debt allegedly owed by Ashley to Froedtert Memorial Lutheran Hospital, Inc., (A true and exact copy of said correspondence, dated May 1, 2013, is attached hereto as **Exhibit C**).

35. The aforesaid correspondence was the initial communication with Ashley.

6

36. The first page of the aforesaid correspondence stated "The above case has been referred to this law firm for collection and/or litigation. Please contact 414/223-3335 EXT 106 no later than ten days from the date of this letter to advise how you intend to pay the balance due."

37. The second page of the aforesaid correspondence stated "Unless you dispute this debt or any portion thereof, within 30 days after receipt of this letter, we will presume that you owe this debt. If you notify us within 30 days of receipt of this letter that this debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification of judgment will be mailed to you. Upon your request within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor if different from the current creditor."

38. Defendant's request to Ashley to contact Defendant no later than ten (10) days from the date of Defendant's correspondence and advise Defendant of how she intended to pay the Debt overshadowed and obfuscated Ashley's right to dispute the debt she allegedly owed and to seek validation of said debt.

39. Defendant's request to Ashley to contact Defendant no later than ten (10) days from the date of Defendant's correspondence and advise Defendant of how she intended to pay the Debt had the effect of conveying to an unsophisticated consumer that Ashley's sole course of action in regards to the Debt was to initiate a telephone call to Defendant and start making payments towards the Debt.

40. The aforesaid request by Defendant overshadows, and is inconsistent with, the disclosure of Ashley's right to dispute the Debt or request the name and address of the original

7

creditor in writing, which Defendant included in the second page of its correspondence dated May 1, 2013.

41. Defendant's correspondence, dated May 1, 2013, is overshadowing and contradictory because it has the effect of making an unsophisticated consumer uncertain as to their rights.

42. The aforesaid correspondence is deceptive because it could be reasonably read to have two or more different meanings, one of which is inaccurate, that is the assertion that Ashley's sole course of action relative to the Debt was to contact Defendant within ten (days) from the date of Defendant's correspondence and advise Defendant of how she would pay the Debt.

43. Section §1692g(a)(4) states that for a consumer to obtain validation of a debt, the request must be done in writing within thirty (30) days of the receipt of the notice.

44. Defendant's correspondence, dated May 1, 2013, violates Section §1692g(a)(4), because it fails to advise Ashley that a request for a validation must be done in writing within thirty (30) days of the receipt of the notice.

45. On or about May 20, 2013, Defendant sent Ashley a second correspondence in an attempt to collect the Debt. (A true and exact copy of said correspondence, dated May 20, 2013, is attached hereto as **Exhibit D**).

46. The aforesaid correspondence stated: "Please be advised that your failure to resolve this matter has left us no other alternative but to review your file for legal action…If we proceed with legal action, you may be held responsible for all court costs which are approximately **$175.00 to $300.00 per Court action**".) (emphasis added in original).

47. Defendant's representation that Ashley may be held responsible for all court costs which are approximately $175.00 to $300.00 per Court action is false, deceptive, and misleading given that the cost of filing a small claims lawsuit in Wisconsin Circuit Courts is $94.50.

48. Defendant's representation that Ashley may be held responsible for all court costs which are approximately $175.00 to $300.00 per Court action falsely represented the amount of the Debt given that the cost of filing a small claims lawsuit in Wisconsin Circuit Courts is $94.50.

49. In its attempts to collect the debt allegedly owed by Ashley to Froedtert Memorial Lutheran Hospital, Inc., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter; and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

50. As a result of Defendant's violations as aforesaid, Ashley has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ASHLEY LARSON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of ASHLEY LARSON and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

51. Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,<br>
**TIMOTHY LARSON &**<br>
**ASHLEY LARSON**

By:  s/ David M. Marco
     Attorney for Plaintiffs

Dated: June 17, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:   dmarco@smithmarco.com